IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES FITZPATRICK,

      Plaintiff,

v.                                                          No. CV 18-730 RB/CG

BETTY JUDD, et al.,

      Defendants.

## ORDER ON PENDING MOTIONS

**THIS MATTER** is before the Court on Plaintiff James Fitzpatrick's letter request for appointment of counsel, (Doc. 2), filed July 30, 2018 and letter requests "[a]mending all 3 case numbers as one," (Docs. 11, 12) filed September 28, 2018 and October 10, 2018. After reviewing the letters, the relevant law, and the record, the Court **DENIES** Plaintiff's Motions.

### I.    Request for Appointment of Counsel

There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004).

The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the letter request for appointment of counsel, (Doc. 2).

## II. Requests to Consolidate Cases as One

Plaintiff Fitzpatrick has also filed two letters "[a]mending all 3 case numbers [CV 18-00706, CV 18-00730, and CV 18-00735] as one." (Docs. 11, 12). The Court construes the letters as requests to consolidate and amend the three pending cases. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the court. *Shump v. Balka,* 574 F.2d 1341, 1344 (10th Cir.1978). In deciding whether to grant a motion to consolidate, the court should initially consider whether the cases to be consolidated involve a common question of law or fact. If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. See *Servants of the Paraclete v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be administered to promote expedition and economy while providing justice to the parties. Where consolidation will not promote convenience and economy in case administration, the Court properly denies a motion to consolidate. *Shump v. Balka*, 574 F.2d at 1344.

Plaintiff Fitzpatrick chose to file three separate complaints on Prisoner's Civil Rights Complaint forms. *See* (Doc. 1 in CV 18-706, CV 18-730, and CV 18-735).

2

Although there may be some overlap among them, each of the Prisoner's Civil Rights Complaints appears to be primarily directed against different defendants and involves different underlying events or transactions. The Court concludes that consolidation will not promote economy or convenience in case administration and will deny the letter requests.

**IT IS THEREFORE ORDERED** (1) the letter request for appointment of counsel filed by Plaintiff James Fitzpatrick (Doc. 2) is **DENIED** and (2) the two letters "Amending all 3 case numbers as one" (Docs. 11, 12) are **DENIED**.

**IT IS SO ORDERED**.

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE