# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAMES FITZPATRICK,

    Plaintiff,

vs.                                                        No. CV 18-00730 RB/CG

BETTY JUDD, ROLANDO VALENCIA,
CHIEF RANKIN, TRINITY FOOD SERVICE,
KEEFE COMMISSARY NETWORK, CENTURIAN LLC,
N.M. DEPT OF CORRECTIONS, ALL EMPLOYEES OF
CORE CIVIC (CCA), TRINITY FOOD AND KEEFE
COMM C.O. EMANUELLE, PROPERTY OFFICE,
GERMAN FRANCO, DIR OF N.M. PRISONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Federal Rule of Civil Procedure 41(b) on the Prisoner Civil Rights Complaint filed by Plaintiff James Fitzpatrick. (Doc. 1.) The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and for failure to prosecute this proceeding.

Plaintiff James D. Fitzpatrick filed this civil rights proceeding under 42 U.S.C. § 1983 on July 30, 2018. (*Id.*) He did not pay the $400.00 filing fee or submit an application to proceed *in forma pauperis*. On August 23, 2018, the Court ordered Plaintiff to cure this deficiency within 30 days by submitting an application to proceed without prepaying fees or costs under 28 U.S.C. § 1915 including the requisite six-month inmate account statement. (Doc. 4.) The Order advised Plaintiff that if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (*Id.* at 1, 3.) The Court supplied Mr. Fitzpatrick with the proper § 1915 form and a copy of the August 23 Order.

1

More than 30 days elapsed after entry of the Court's Order to Cure Deficiency and Mr. Fitzpatrick did not submit the 6-month inmate account statement. He did file the form application to proceed under § 1915, but the application did not include the required 6-month inmate account statement. (Doc. 9.) He also sent a letter response to the Court's Order on August 31, 2018. (Doc. 8.) His response stated that his request for an account statement was not answered and that Core Civic should be required to pay the filing fee for this case. (*Id.*) The letter response was not sworn under penalty of perjury and includes no supporting documentation as to when his request for the account statement was submitted, who it was submitted to, or when, by who, and how it was denied.

On February 26, 2019, the Court entered an Order to Show Cause directing Mr. Fitzpatrick to show cause, within 21 days of entry of the Order, why his Prisoner's Civil Rights Complaint should not be dismissed for failure to comply with 28 U.S.C. §§ 1914 and 1915 and with the Court's August 23, 2018 Order to Cure Deficiency. (Doc. 14.) Mr. Fitzpatrick sent a letter in response to the Order to Show Cause. (Doc. 15.) In his response, he again argues that he requested his inmate account statement but received no response. He also claims that his son sends him approximately $250 per month, or $3,000 per year because he has to pay for his food in prison, and that prison officials should be required not only to pay this Court's filing fee, but also reimburse his son for the money he spends on commissary expenses. (*Id.*)

Attached to Mr. Fitzpatrick's response is his inmate account statement for a one-month period of time from January 12, 2019, to February 14, 2019. (*Id.* at 4.) The inmate account statement shows that he had deposits to the account totaling $250 during the one-month period. The average balance in his account during that month was $180.86. The account statement also shows that he spends his money on commissary purchases. (*Id.*)

The Court takes judicial notice that Mr. Fitzpatrick has been ordered and has failed to pay the filing fee, submit his inmate account statement, or make an initial partial payment of the fee in two other pending civil rights cases: *Fitzpatrick v. Judd*, No. CV 18-00706 JCH/GBW, and *Fitzpatrick v. Judd*, No. CV 18-00735 MV/KBM. In an additional case, *Fitzpatrick v. New Mexico Deptartment of Corrections*, No. CV 17-01042 KG/SMV, the case was dismissed without prejudice for failure to comply with an Order to cure the identical deficiency. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (the Court may take judicial notice of its own records).

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from Mr. Fitzpatrick or authorize him to proceed without prepayment of the fee. He has failed to either pay the $400.00 filing fee or submit an application to proceed under § 1915 with the required inmate account statement. The Court may also require an inmate to choose between prison purchases and litigation. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248–49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers*, 9 F. App'x 947, 949 (10th Cir. 2001). In this case, Mr. Fitzpatrick's response and inmate account statement demonstrate that he has the means to make at least an initial partial payment but refuses to do so. (Doc. 15.) His decision to spend his money on commissary purchases does not excuse his failure to comply with the *in forma pauperis* requirements of 28 U.S.C. §1915. *Shabazz*, 127 F.3d at 1248–49; *Baker*, 9 F. App'x at 949.

The Court may dismiss a proceeding under Rule 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Plaintiff Fitzpatrick has failed to comply with the statutory requirements to proceed *in forma pauperis*, has failed to comply with the Court's Orders, and has

failed to prosecute this proceeding. Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914 and 1915, failure to comply with the Court's Orders of August 23, 2018, and February 26, 2019, and failure to prosecute this proceeding. *Olsen*, 333 F.3d at 1204.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff James Fitzpatrick (Doc. 1) is **DISMISSED without prejudice** under Rule 41(b).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE